■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MONACO, Appellant. [820 NYS2d 35]—

Judgment, Supreme Court, Bronx County (William I. Mogulescu, J.), rendered September 21, 2005, convicting defendant, after a nonjury trial, of perjury in the first degree, and sentencing him to a conditional discharge, unanimously reversed, on the law, and the indictment dismissed.

Defendant brought a small claims action in Bronx Civil Court to recover, inter alia, $1,130 for damage to an apartment that he had rented to John D'Agostino and his wife. Defendant, as claimant, proceeded pro se, while Mr. D'Agostino was repre-

sented by a former Bronx County assistant district attorney. Defendant proved to the satisfaction of the court that the D'Agostinos had installed kitchen tile, a kitchen countertop and linoleum in violation of a lease provision that required the tenants to obtain permission from the landlord before making any alterations. As evidence of the damage to the apartment, defendant submitted photographs of the premises, taken shortly after the tenants vacated the apartment, and an itemized bill for the necessary repairs, marked "Paid in Full" and signed by the contractor.

After the trial of the small claims action, a complaint was filed with the District Attorney's Office. The People obtained a search warrant to photograph the apartment, which was executed by a detective.

The allegedly false testimony given by defendant in the small claims action concerns the first item listed on the receipt, "removal wall tiles, skim & restore wall surface $500.00." In the course of the action, Civil Court asked defendant to explain the unauthorized alterations. He replied, "Okay, there was kitchen tile put up on the wall, which had to be removed and the wall surface refinished." In addition to the wall tiles above the stove and sink, the tenants had installed a range hood, to which power was supplied by a Romex cable. This wiring did not conform to Building Code requirements. As defendant stated, "they put a stove hood and if you notice that they have got Romex coming out, not BX." He explained that all electrical wiring in New York City buildings is required to consist of armored BX cable, not Romex, and that he could "not rent the apartment with wires coming out of the wall." Defendant testified that "we had to trace it to where it was connected, had to dismantle it and yank it out."

When asked on cross-examination to explain the repairs to the kitchen walls, the following colloquy ensued:

"A: All the tile in the kitchen walls had to be removed. Then that has to then be first sanded down flat, washed, then you have to—it still doesn't come out that flat, then you have to make a compound of plaster and putty and then you put a skin [sic] coat over the wall and that's how you get it smooth again.

"Q: So, how many tiles did Mr. Colon remove for you?

"THE COURT: Counselor, I am not going to get into those details. You can count them in the photograph."

Insofar as material to this appeal, the District Attorney obtained an indictment for perjury in the first degree, alleging that defendant made a materially false statement in the small

claims action when he testified, "Okay, there was a [sic] kitchen tile put up on the wall, which had to be removed and the wall surface refinished." (The indictment contained two other counts, also for first-degree perjury; the second count of the indictment was dismissed, and the court found defendant not guilty as to the third count.)

At the criminal trial, the People introduced testimony from the parties to the small claims action and the police detective who photographed the apartment. John D'Agostino confirmed that the kitchen tiles depicted in the photographs were the same tiles he had installed prior to moving into the premises. Defendant testified that he was not present while the repairs were being made to the apartment by his contractor, but stated that replacing the Romex wiring with BX cable "required, of course, the removal of all the tiles in that area of the kitchen while we traced [the wiring] and opened up the wall. We also had to remove the wall board [p]laster behind it." Defendant went on to explain that the contractor ran the new BX cable into a junction box, in which he installed a duplex electrical outlet, and that the work involved replacing "the tiles over the stove and following in whatever line the wire was going to where it was hooked up to the electric."

After the close of evidence, Supreme Court indicated that the allegedly perjurious statement "seems to suggest to me a removal of the bulk of the tiles." The court found defendant guilty and sentenced him to a conditional discharge, restitution in the amount of $500 and a fine of $1,000.

"A person is guilty of perjury in the first degree when he swears falsely and when his false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made" (Penal Law § 210.15). "To warrant a conviction for perjury, it is necessary to prove not only that the false testimony was given, but that it was given willfully and knowingly" (*People v Hattemer*, 4 AD2d 775, 776 [1957], *affd* 4 NY2d 835 [1958]). The evidence in regard to the elements of the offense is insufficient to support conviction and, in any event, the judgment is against the weight of the evidence.

In the small claims action, the material evidence received in support of the judgment awarding damages to defendant herein consists of the contractor's itemized receipt for repairs made in the apartment. "An itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs, are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services and repairs" (CCA 1804). No evidence received during the respective proceedings

in Civil Court and Supreme Court refutes the legitimacy of the contractor's charge of $500 for replacement of the nonconforming electrical supply and restoration of the wall surface. Notably, the invoice makes no mention of the electrical work that was the primary reason for undertaking the repair, to which the necessary restoration work was incidental. The exact number of tiles the contractor was required to remove was simply not material to Civil Court's award of damages, and the court's refusal to entertain testimony concerning this detail clearly reflects its position on the issue (*see People v Tyler*, 62 AD2d 136, 145 [1978], *affd* 46 NY2d 251 [1978] [" 'the test of materiality is whether the false testimony was capable of influencing the tribunal on the issue before it' "], quoting *United States v Icardi*, 140 F Supp 383, 388 [1956]). Thus, an essential element of perjury in the first degree, that the allegedly false testimony be "material to the action, proceeding or matter in which it is made" (Penal Law § 210.15) is lacking.

As a second point, the statement alleged to be perjurious, "Okay, there was kitchen tile put up on the wall, which had to be removed and the wall surface refinished," was not shown to be false. The evidence reflects that tile had to be removed to facilitate replacing the Romex wiring and installing the outlet box. Because the word "tile" can be used in reference to both the singular and the collective, it is unclear whether the alleged perjurious statement refers to one, some or all of the kitchen tile. Thus, the other element of the crime, that the testimony comprise a "false statement," is also absent.

Finally, even in the context of defendant's entire testimony before Civil Court (*see Tyler*, 62 AD2d at 140), the record fails to establish that any false statement was "given willfully and knowingly" (*Hattemer*, 4 AD2d at 776). Although it was not included in the indictment, the People argue that defendant's statement, "All the tile in the kitchen walls had to be removed," is indicative of perjurious intent. They speculate, "Had the Small Claims Court been aware that defendant had not changed all the tiles as he claimed he did, regardless of what defendant's bill said, the court's damages to defendant might have been well below what was awarded."

As previously noted, it is the itemized bill, not defendant's subjective impression regarding what work the contractor actually performed, that constitutes the primary evidence of damages in the small claims case (CCA 1804), and we reject the conclusion that the court considered the number of tiles replaced to be material. Moreover, at the criminal trial, defendant testified that he was not personally present while repairs

were being made to the apartment. Thus, the record on appeal suggests that defendant's knowledge of the repairs performed by his contractor was derived from the itemized bill, which described the disputed work only as "removal wall tiles, skim & restore wall surface." The phrase "removal wall tiles" is ambiguous as to whether it refers to some or all of the kitchen tile.

Even assuming that defendant's statement, "All the tile in the kitchen walls had to be removed," was deliberate rather than inadvertent, it represents a fair interpretation of the documentary evidence. Thus, even if we were to find that the evidence is sufficient to sustain the conviction, we would nevertheless conclude that the judgment is against the weight of the evidence, which does not warrant the conclusion that the purportedly false statement was willful. Concur—Buckley, P.J., Tom, Gonzalez and Sweeny, JJ.